AUSA Margaret M. Smith  313.226.9135
Special Agent Jason Smith, HSI 313.226.0525

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan



| | |
|---|---|
| United States of America<br>v.<br>Damian Nowicki | Case: 2:15-mj-30601<br>Judge: Unassigned,<br>Filed: 12-17-2015 At 09:45 AM<br>SEALED MATTER (LH) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 13, 2015 - November 18, 2015__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2251(a) | production of child porngraphy |
| 18 U.S.C. 2252A(a)(2) | receipt and distribution of child pornography |
| 18 U.S.C. 2252A(a)(5)(B) | possession of child pornography |
| 18 U.S.C. 2422(b) | online enticement of a minor |
| 18 U.S.C. 1470 | transfer of obscene material to a minor |

This criminal complaint is based on these facts:
See attached affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Jason Smith, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: December 17, 2015

City and state: Detroit, MI

_____
Judge's signature

U.S. Magistrate Judge
Printed name and title
**ANTHONY P. PATTI**

# AFFIDAVIT IN SUPPORT OF
# A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jason C. Smith, being duly sworn, depose and state:

1. I am a Special Agent with the U.S. Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), in Detroit, Michigan. I have been employed as a Special Agent with HSI and predecessor agencies since December 2001, and I am currently assigned to the HSI Detroit Cybercrimes/Child Exploitation Group. I have successfully completed the Criminal Investigator Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. My duties include investigating criminal and administrative violations of United States law including child exploitation crimes. I have also consulted with other agents who have been involved in such investigations.

## PURPOSE OF AFFIDAVIT

2. This affidavit is made in support of a criminal complaint and warrant for the arrest of **Damian NOWICKI** for violations of 18 U.S.C. § 2251(a) (production of child pornography), 18 USC 2252A(a)(2) and (a)(5)(B) (distribution, receipt, and possession of child pornography),

1

18 U.S.C. 2422(b) (online enticement of a minor), and 18 U.S.C. 1470 (transfer of obscene material to a minor).

3. Pursuant to the provisions of 18 U.S.C. § 2256, "child pornography," as used in this affidavit, means any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

4. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information made available to me by other law enforcement and child protection professionals. These facts are provided for the sole purpose of establishing probable cause for the issuance of the requested arrest warrant; therefore, this affidavit does not necessarily contain all information uncovered during this investigation.

## KIK Messenger Application

5. The KIK Messenger application is primarily a social media mobile device platform designed and managed by KIK Interactive Incorporated, a Waterloo, Canada based company; for the purpose of mobile messaging and communication. To use this application, a user downloads the mobile messaging application via an applications

service such as the Google Play Store, Apple ITunes, or other similar mobile application provider. Once downloaded and installed, the user is prompted to create an account and a username. This username will be the primary account identifier. The user also has a display name or vanity name, which will be what other users initially see when transmitting messages back and forth and can be changed as many times as the user wants to. As part of the account creation process, KIK users are asked to supply an email address, create a password, provide an optional date of birth, and user location. The user also has the option of uploading a "profile avatar" or profile picture that is seen by other users. Once the KIK user has created an account, the user is able to locate other users via a search feature. The search feature usually requires the user to know the intended recipient's username. Once another user is located or identified, KIK users can send messages, images, and videos between the two parties.

6. KIK Messenger also allows users to create chat rooms or groups for the purpose of communicating and/or exchanging images and/or videos. These rooms are administered by the creator who has the authority to ban and remove other users from the created room.

Once the group or chat is created, KIK users have the option of sharing the "link" with all of their contacts or anyone they wish.

7. KIK Messenger users frequently advertise their KIK usernames on various social networking sites in order to meet and connect with other users. In some cases, KIK also provides various avenues, such as dating sites and social media applications, for meeting other users. HSI undercover agents observed, in various chats, that many of the users stated they felt safe using KIK Messenger as a means of trading child pornography and for other illegal activities due to the fact that KIK is a Canadian based company and may not be subject to U.S. laws and regulations.

## PROBABLE CAUSE/DETAILS OF INVESTIGATION

8. On or about July 30, 2015, an HSI Special Agent in Wilmington, Delaware, signed into KIK Messenger utilizing an undercover account and observed images of child exploitation material posted by user "**omenii01**" (display name "**Damian Nowicki**") to a group chat room entitled "0 to 5 years (share to stay)". Specifically, HSI Wilmington determined that on or about July 13, 2015, KIK user "**omenii01**" shared six images of child pornography with other KIK users in a group chat. HSI Wilmington downloaded and saved the identified images to an undercover device for evidentiary purposes.

4

9. HSI Wilmington subsequently forwarded the captured images to HSI Detroit for review. Affiant has reviewed the images posted to KIK by user "**omenii01**" on or about July 13, 2015. The images reviewed by your Affiant appear to include child pornography. The following describes some of the images uploaded by KIK user "**omenii01**" to the KIK Messenger group chat titled "0 to 5 years (share to stay)" on July 13, 2015:

**photo……….092.jpg**[1]

The image depicts a naked prepubescent female child (toddler) lying on her back with her legs spread. An adult male's penis is partially inserted between the child's labia.

**photo……….598.jpg**

The image depicts a naked prepubescent female child sitting on what appears to be a toilet in a bathroom. An adult male penis can be seen in the image in close proximity to the child's face. The child's two (2) hands are holding the adult male penis. The child's eyes are closed and she has a white substance on her face that appears to be semen. An adult male hand is grasping the child's head by the hair.

**photo……….841.jpg**

The image depicts a naked prepubescent female child (toddler) from the stomach down lying on her back with her legs spread. An adult male's penis is partially inserted in the child's vagina. A white substance that appears to be semen is on the adult male penis and the child's vagina. The adult male's hand is placed over the child's stomach.

---

[1] Portions of the file names have been removed to prevent dissemination of known and identified files of child pornography through public databases where this affidavit may appear.

5

10. On or about August 6, 2015, in response to a Department of Homeland Security Summons, KIK Interactive, Inc. provided information regarding the account for user "**omenii01**". Information provided by KIK indicates the account for user "**omenii01**" was registered on June 30, 2012 and the name **Damian Nowicki** was provided with a supplied email address of **omenii@hotmail.com** (confirmed)[2]. KIK also captured the account registering device as an Apple iPhone.

11. A log of connection records provided by KIK relating to user "**omenii01" (display name: Damian Nowicki)** indicates the account was accessed from a number of IP addresses including 68.40.253.158 since July 7, 2015. An IP address is a numerical label assigned to a device (e.g., computer, printer) participating in a computer network that uses the Internet Protocol for communication.

12. On or about August 10, 2015, in response to a Department of Homeland Security Summons, Comcast identified the subscriber of IP address 68.40.253.158, during the time period of July 13, 2015

---

[2] When registering a KIK account the user has to supply an email address. The email address may be either confirmed or unconfirmed. "Confirmed" means the user received a verification email from KIK and clicked on the link within the email. "Unconfirmed" means either the email address is invalid, or the user received the email but did not click on the link within the email.

through August 10, 2015, as Ron ZALESKI, account number **********3401. The information provided by Comcast indicates that the service address is 26404 Elk Run E, New Hudson, MI, 48165.

13. HSI obtained information from the State of Michigan driver's license database regarding a subject with the name **Damian NOWICKI** (xx/xx/1967) residing within the state of Michigan.

14. Pursuant to the investigation, HSI obtained a driver license image of the identified **Damian NOWICKI** for comparison to the KIK profile avatar (screen picture) of username "**omenii01**". Affiant has compared the driver license image of **Damian NOWICKI** and the profile avatar of KIK username "**omenii01**" and they appear to be one in the same person.

15. On or about November 17, 2015, HSI executed a federal search warrant issued by the U.S. District Court for the Eastern District of Michigan at 26404 Elk Run E, New Hudson, MI, 48165.

16. During the search warrant execution, HSI Special Agents conducted a consensual interview with **Damian NOWICKI**. **DAMIAN NOWICKI** admitted to being the operator of KIK username "**omenii01**" and also acknowledged he has received and distributed child pornography using the KIK application. **Damian NOWICKI** also indicated to the interviewing agents that he had a sexual interest in female children

7

between the ages of seven (7) to (10) years old and that approximately six (6) to (8) minor females had sent him nude images.

17. Cellular telephones and other electronic devices belonging to **Damian NOWICKI** were seized pursuant to the search warrant executed on November 17, 2015. Female underwear, which **Damian NOWICKI** indicated belonged to his niece, were also seized. According to **Damian NOWICKI,** his niece is now an adult, but was approximately fourteen (14) or fifteen (15) years of age when he obtained the underwear from a box of discarded clothing at his parents' home.

18. On or about December 3, 2015, your Affiant again interviewed **Damian NOWICKI** after a polygraph examination. **Damian NOWICKI** admitted to Affiant that he has "kissed" an eight (8) year old minor child while camping at a motorsport race in the state of Virginia. **Damian NOWICKI** agreed with the description that the kiss with the minor female child was a "boyfriend/girlfriend" type of kiss. According to **Damian NOWICKI,** the minor child is the granddaughter of a friend. **Damian NOWICKI** acknowledged that he "loved" the minor female child.

19. HSI Detroit computer forensic agents extracted the data contained on a cellular telephone belonging to **Damian NOWICKI** which was seized pursuant to the search warrant.

20. On or about December 15, 2015, your Affiant reviewed a portion of the data extracted from the cellular telephone belonging to **Damian NOWICKI**. Affiant observed in excess of one-thousand (1000) suspected child pornography images and videos. Affiant observed two (2) of the three (3) images previously described in this Affidavit within the data extracted from the cellular phone belonging to **Damian NOWICKI**. The suspected child pornography images observed by your Affiant include children ranging from infants through teenagers.

21. On or about December 16, 2015, Affiant reviewed KIK Messenger chat content contained on the cellular phone belonging to **Damian NOWICKI** and relating to KIK username "**omenii01**".

22. Affiant identified a KIK Messenger chat conversation between "**omenii01 Damian Nowicki**" and a KIK user who stated that she was sixteen (16) years old (Minor Victim One, or MV-1). The conversation between "**omenii01 Damian Nowicki**" and MV-1 began on April 9, 2015 and ended on April 17, 2015. The context of the conversation was sexual in nature and a number of sexually explicit photographs

9

were exchanged between "**omenii01 Damian Nowicki**" and MV-1. The images sent by MV-1 to "**omenii01 Damian Nowicki**" included pictures of female breasts, a vagina and a number of face shots of a female that appeared to be in her teenage years. Images sent by "**omenii01 Damian Nowicki**" to MV-1 included images of an adult male penis and face shots of what appears to be **Damian NOWICKI**.

23. In the body of the chat, MV-1 told "**omenii01 Damian Nowicki**" that she was sixteen (16) years of age. In response, "**omenii01 Damian Nowicki**" stated "Mmmmmm. Lovely sexy age to be." After MV-1 indicated she was sixteen (16) years of age, the conversation remained sexual in nature and "**omenii01 Damian Nowicki**" continued to request pictures and subsequently forwarded an image of an adult male penis to **"MV-1."**

24. Affiant observed chat conversations between "**omenii01 Damian Nowicki**" and various other KIK Messenger users which included the exchange of suspected child pornography. Child pornography images exchanged on the KIK Messenger chats included children ranging from infants to teenagers.

25. Affiant also observed conversations between "**omenii01 Damian Nowicki**" and other KIK users discussing the sexual abuse of minors.

In a chat on July 16, 2015, "**omenii01 Damian Nowicki**" referenced the sexual abuse of his "two nieces and a friends daughter".

## CONCLUSION

26. Based on the aforementioned factual information, your Affiant believes there is probable cause that **Damian NOWICKI** has knowingly produced child pornography in violation of 18 U.S.C. 2251(a); distributed, received, and possessed child pornography in violation of 18 USC 2252A(a)(2) and (a)(5)(B); enticed a minor online in violation of 18 U.S.C. 2422(b); and transferred obscene material to a minor, in violation of 18 U.S.C. 1470. Accordingly, your Affiant respectfully requests that this Court issue an arrest warrant.

Respectfully submitted,

_Jason C. Smith_
Jason C. Smith
Special Agent, HSI

Subscribed and Sworn Before me
this 17th day of December 2015

_Anthony P. Patti_
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE