

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAMIAN NOWICKI,

    Defendant.

_____/

CRIMINAL NO. 16-20007

HON. VICTORIA A. ROBERTS

VIO:  18 U.S.C. § 2251(a)
        18 U.S.C. § 2422(b)
        18 U.S.C. § 1470
        18 U.S.C. § 2252A(a)(2)
        18 U.S.C. § 2252A(a)(5)(B)

## FIRST SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE

18 U.S.C. § 2251(a)
*Production of Child Pornography*

On or about and between April 9, 2015, through on or about April 17, 2015, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly attempt to and did employ, use, persuade, induce, entice and coerce any minor, specifically, MV-

1, born in 1999, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means; and the visual depiction was transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

## COUNT TWO

18 U.S.C. § 2422(b)
*Coercion and Enticement of a Minor*

On or about and between April 9, 2015, through on or about April 17, 2015, both dates being approximate and inclusive, within the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly and unlawfully use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, to engage in any sexual activity for which any person can be charged with a criminal offense, including production of child pornography, in violation of Title 18, United States Code, Section 2422(b).

## COUNT THREE

18 U.S.C. § 1470
*Transfer of Obscene Material to a Minor*

On or about and between, April 9, 2015, through on or about April 17, 2015, both dates being approximate and inclusive, within the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly and unlawfully use any facility and means of interstate and foreign commerce to knowingly transfer obscene matter consisting of lewd, lascivious, indecent and filthy pictures to an individual who the defendant believed to be under the age of sixteen, specifically MV-1, born in 1999, knowing that MV-1 had not attained the age of sixteen, in violation of Title 18, United States Code, Section 1470.

## COUNT FOUR

18 U.S.C. § 2251(a); (e)
*Production of Child Pornography*

On or about and between July 6, 2015, through on or about August 12, 2015, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly attempt to employ, use, persuade, induce, entice and coerce any minor, specifically, MV-2, born in 2004, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means; and the visual depiction was transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

## COUNT FIVE

18 U.S.C. § 2422(b)
*Coercion and Enticement of a Minor*

On or about and between July 6, 2015, through on or about August 12, 2015, both dates being approximate and inclusive, within the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly and unlawfully attempt to use any facility and means of interstate and foreign commerce to persuade, induce, entice, and coerce any individual who had not attained the age of 18 years, specifically MV-2, born in 2004, to engage in any sexual activity for which any person can be charged with a criminal offense, including production of child pornography, in violation of Title 18, United States Code, Section 2422(b).

## COUNT SIX

18 U.S.C. § 2252A(a)(2)
*Distribution of Child Pornography*

From or about July 13, 2015, through and including on or about November 18, 2015, in the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly distribute child pornography, that is, visual depictions of sexually explicit conduct that involved prepubescent minors and minors who had not attained 12 years of age, including, but not limited to, the lascivious exhibition of the genitals or pubic area as defined in 18 U.S.C. § 2256(8)(A); and the images distributed by the defendant were mailed, shipped, and transported using the Internet, a means and facility of interstate or foreign commerce, and were mailed, shipped, and transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT SEVEN

18 U.S.C. § 2252A(a)(2)
*Receipt of Child Pornography*

From or about July 13, 2015, through on or about November 17, 2015, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly receive child pornography, that is, visual depictions of sexually explicit conduct that involved prepubescent minors and minors who had not attained 12 years of age, including, but not limited to, the lascivious exhibition of the genitals or pubic area as defined in 18 U.S.C. § 2256(8)(A); and the images received by the defendant were mailed, shipped, and transported using the Internet, a means and facility of interstate or foreign commerce, and were mailed, shipped, and transported in or affecting interstate or foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(2).

## **COUNT EIGHT**

18 U.S.C. § 2252A(a)(5)(B)
*Possession of Child Pornography*

On or about November 17, 2015, in the Eastern District of Michigan and elsewhere, defendant, DAMIAN NOWICKI, knowingly possessed images of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that involved prepubescent minors and minors who had not attained 12 years of age, specifically, any visual depiction of sexually explicit conduct, where the production of such child pornography involved the use of a real minor engaged in sexually explicit conduct, including, but not limited to, the lascivious display of the genital or pubic area of any person, that had been produced using materials that had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT NINE

18 U.S.C. § 2251(a)
*Production of Child Pornography*

On or about and between April 27, 2010, through on or about December 28, 2010, both dates being approximate and inclusive, in the Eastern District of Michigan and elsewhere, the defendant, DAMIAN NOWICKI, did knowingly attempt to and did employ, use, persuade, induce, entice and coerce any minor, specifically, MV-3, to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported using any means and facility of interstate and foreign commerce, using materials that have been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means; and the visual depiction was transported using any means and facility of interstate and foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

## **FORFEITURE ALLEGATIONS**

18 U.S.C. § 2253
*Criminal Forfeiture*

Upon conviction of one or more of the offenses charged in Counts One through Nine of the Indictment, defendant shall, pursuant to Title 18, United States Code, Section 2253, forfeit to the United States the following:

a) Any visual depiction described in Title 18, United States Code, Sections 2251, 2251A, or 2252, 2252A, 2252B, or 2260, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in violation of these subsections;

b) Any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and

c) Any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

If any of the property subject to forfeiture pursuant to Title 18, United States Code, Section 2253, as a result of any act or omission of the defendant--

a) cannot be located upon the exercise of due diligence;
b) has been transferred to, sold to, or deposited with a third party;
c) has been placed beyond the jurisdiction of this Court;
d) has been substantially diminished in value; or
e) has been commingled with other property which cannot be divided without difficulty;

the United States of America, intends to seek forfeiture of all other property of the defendant up to the value of forfeiture applicable in this case.

THIS IS A TRUE BILL.

s/ Grand Jury Foreperson
Grand Jury Foreperson

BARBARA L. MCQUADE
UNITED STATES ATTORNEY

s/ Matthew A. Roth
MATTHEW A. ROTH
Chief, General Crimes Unit
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226-3220
Phone:   313-226-9186
E-Mail:  matthew.roth@usdoj.gov

s/ Margaret M. Smith
MARGARET M. SMITH
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI  48226-3220
Phone:   313-226-9135
E-Mail:margaret.smith@usdoj.gov

Dated: March 3, 2016

| United States District Court<br>Eastern District of Michigan | Criminal Case Cover Sheet | Case Number 16-20007 |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information This matter was opened in the USAO prior to August 15, 2008   [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes    ☒ No | **AUSA's Initials:** |

Case Title: USA v. DAMIAN NOWICKI

County where offense occurred :   Wayne

Check One:          ☒ Felony          ☐ Misdemeanor          ☐ Petty

    ____Indictment/____Information --- **no** prior complaint.
    ____Indictment/____Information --- based upon prior complaint [Case number: ]
    ____Indictment/____Information --- based upon LCrR 57.10 (d) *[Complete Superseding section below]*.

## Superseding Case Information

**Superseding to Case No:** 16-cr-20007          **Judge:** Victoria A. Roberts

    ☐    Original case was terminated; no additional charges or defendants.
    ☐    Corrects errors; no additional charges or defendants.
    ☐    Involves, for plea purposes, different charges or adds counts.
    ☒    Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| Damian Nowicki | 18 U.S.C. 2251(a) | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 3, 2016
Date

Margaret M. Smith
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: 313-226-9135
Fax: 313-226-5829
E-Mail address:margaret.smith@usdoj.gov
Attorney Bar #: 71413

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.          10/13/09